Bagwell and wife *vs.* Head.

JOHN J. BAGWELL AND WIFE, plaintiffs in error, *vs.* JAMES M. HEAD, defendant in error.

A bill, praying for an injunction, was presented to the Judge in vacation for his sanction, which was refused: *Held*, that, as the complainant had a complete and adequate remedy at law in regard to the several matters, as charged and set forth in his bill of complaint, the injunction prayed for was properly refused.

Injunction. By Judge GREEN. Spalding County. Chambers. September, 1869.

In 1863, Head held six notes, made by Bagwell, for $300 00 in the aggregate, and agreed that if Bagwell would pay him during that year he would receive the amount in Confederate currency. Bagwell sold part of the land on which he lived to raise said currency, and tendered it to one Camp, Head's father-in-law and agent, in December, 1863; but Camp refused to receive it, saying he did not have the notes, nor know whether the sum tendered was the correct amount. In December, 1865, Head told Bagwell that he, Head, would have accepted his said tender had he been present when it was made. Head sued Bagwell in April, 1866, on said notes in a Justice's Court. Bagwell was ignorant, and was advised by an attorney to let the suits proceed, and object when his property was about to be sold. In March, 1866, judgments were entered on said notes, and in September, 1866, *fi. fas.* issued upon said judgments. One of the *fi. fas.* did not show from what Court it issued, and it was not stated in either of two others of them when said judgments were obtained. In June, 1867, one Johnson, a bailiff, levied said *fi. fas.* upon a wagon, and in May, 1867, levied one of them on one hundred acres of land, now claimed as his homestead, and in June, 1867, levied the others on the land without having disposed of the levy on said wagon. Bagwell filed his affidavit that these *fi. fas.* were proceeding illegally, because the debts were contracted prior to June, 1865, and were prohibited from being enforced by the 17th section of the 5th Article of the Constitution of 1868, and the order of Gen-

eral Meade enforcing it. Bagwell attended at the times and place of holding Justice's Court for several months, intending to inform his attorney if any action was taken in the matter, but saw nothing done. In fact, the Justice, without notice to Bagwell, and clandestinely, dismissed the affidavit. On the 6th of August, 1869, said Johnson entered on said *fi. fas.* that said wagon had been taken from his possession, without his knowledge or consent, and that he could find no personal property on which to levy these *fi. fas.* The sheriff of Spalding county advertized said land for sale under said levy in November, 1868. Bagwell then applied to the Ordinary to have said land set apart as his homestead. Head resisted it, and his application was refused, and Bagwell appealed to the Superior Court. At the trial, in August, 1869, Head's attorneys withdrew all objections, and said land was set apart as his homestead, according to law. The land is worth $300 00, and is all he and his wife have. They have no children. He further averred that the Justice and bailiff were but pretended officers, and said acts were void, because at their dates there was no legal civil government in this State.

Bagwell and his wife, upon these statements, prayed an injunction against said *fi. fas.*, that the judgments be vacated, and Bagwell be allowed to defend against the notes, and that his said homestead be protected from sale. The Chancellor refused the injunction because the remedy was adequate at law. This is assigned as error.

D. N. MARTIN, by W. P. PRICE, for plaintiffs in error.

PEEPLES & STEWART, for defendant in error.

WARNER, J.

In looking through the record in this case, it is our judgment that the complainants had a complete and adequate remedy at law in regard to the several matters charged and set forth in this bill of complaint, and that the injunction prayed for was properly refused.

Let the judgment of the Court below be affirmed.